No. 34,686

BERT LEWIS, *Appellee*, v. MYRL MOLETOR, *Appellant*.

E. F. HOHN, *Appellee*, v. MYRL MOLETOR, *Appellant*.

(Consolidated.)

(100 P. 2d 718)

Opinion filed April 6, 1940.

*Carl Van Riper*, of Dodge City, and *A. L. Moffat*, of Kinsley, for the appellant.

*John A. Etling* and *W. N. Beezley*, both of Kinsley, for the appellees.

The opinion of the court was delivered by

HOCH, J.: Plaintiffs prevailed in separate actions for damages for sale of diseased hogs, and defendant appeals. The appellant contends that the buyers had knowledge of the condition of the hogs equal to that of the seller, that there was no implied warranty by the seller and that the judgment was not within the issue presented by the pleadings. The two actions have been consolidated, since the same questions are presented in both actions. The appellees will be referred to as the buyers and the appellant as the seller.

The trial court made findings of fact on July 15, 1939, one finding being later modified on July 20, 1939. No motion for a new trial was made until after judgment was rendered on October 3, 1939. The findings of fact had become final and will, accordingly, be used in our statement of the facts.

The buyers were reared on farms in Edwards county, Kansas, and had the usual experience and knowledge of farmers concerning hogs. The seller was not only reared on a farm, but was an experienced dealer in hogs, having engaged in the business of buying, selling and feeding hogs for fifteen years. He had sufficient experience with hog cholera that he trusted to his own knowledge, in purchasing hogs, as to whether or not they were infected with cholera.

In November, 1938, the seller bought hogs in Arkansas and brought them to his farm in Edwards county, a distance of about

five hundred and fifty miles. He started home at noon and arrived there about daylight the next morning. The hogs were unloaded in a barn and were fed, but some of them refused to eat. These were "gaunt, piled up, weaved when they walked, and some of them were coughing." The buyers came to the place about eight o'clock in the morning and along with the seller and another person went to the barn and looked at the hogs. The buyers "noticed that some of the hogs were not eating, that they were gaunt, piled up, when they walked they weaved, and appeared to be weak in the hind quarters and were coughing." They mentioned these things to the seller and "stated that the hogs did not look right and that there was something wrong with them." The seller then stated that their condition was due to the long ride and the exposure to the weather and that "the hogs were all right because he had to have a bill of health on them before he could bring them into the state." He also stated that the coughing was due to the fact that he had fed them dry feed. The fact was, however, that the seller did not have a bill of health. The buyers each bought a number of the hogs and took them home. The next morning one of the buyers found one of his hogs dead and a couple of days later the other buyer found some of his hogs dead. A veterinarian was called, made an examination, and said that the hogs had what was commonly called shipping fever. Upon his advice the hogs were vaccinated, but continued to die. Another veterinarian was called and diagnosed the sickness as cholera. A state veterinarian was called and, after inspection and post-mortem examination, diagnosed the cause of death as cholera. The court found that "the hogs died as a result of cholera." About noon after the morning when the hogs had been bought, the seller went to the home of one of the buyers, stated that he wanted to sell the rest of his hogs in order to go and get another load and for that reason would make a good price on them. The sale was made. The seller did not go after any more hogs. Later reference will be made to finding No. 11, which is principally in issue here.

On October 3 the court entered judgment against the defendant in both cases—in favor of one plaintiff for $208, and of the other for $438. The amounts of the judgments are not attacked.

We come to the contentions of the appellant.

Before answer the defendant filed a motion for the purpose of showing that the petitions attempted to plead different causes of action—one based on express warranty, one on fraud and one on

implied warranty—and asked that the plaintiffs be required to separately state and number such causes of action. Defendant also filed a motion to make definite and certain, and to require plaintiffs to state "what facts he claims defendant had notice of, or what facts he claims the defendant knew of which were sufficient to put him on inquiry as to whether said hogs were infected with cholera" and also to strike from the petition the following allegations:

" 'Said defendant stated and represented to plaintiff that he had a certificate of health for said hogs from the state of Missouri and state of Arkansas; and said defendant further stated to plaintiff that said hogs were in a healthy condition' for the reason that all of said averments are incompetent and immaterial."

Upon the hearing of these motions, counsel for plaintiffs announced that they were proceeding:

"Upon the theory the defendant sold the hogs to plaintiff at a time when the hogs were infected with cholera, and that at such time the defendant had knowledge of such infected condition or had knowledge of facts and circumstances sufficient to put him upon inquiry and had he pursued such inquiry be would have learned of such infected condition."

Whereupon the court announced that the petitions would be so construed, and that the allegations which the defendant had asked to be stricken "would be allowed to stand as bearing upon the question of notice."

The action of the court upon the motions must be considered in connection with the court's finding No. 11, which reads as follows:

"The defendant did not learn of any cholera in Arkansas at the time he purchased the hogs, but at the time the defendant sold the hogs he had notice of facts and circumstances sufficient to put a prudent person, and particularly the defendant, upon inquiry concerning the condition of the hogs. The facts and circumstances referred to was the condition of the hogs at that time. A reasonable inquiry at the time would have disclosed that the hogs were infected with cholera. The false statement of the defendant that he had a bill of health on the hogs made to the plaintiff at the time he purchased the hogs misled the plaintiff into believing that the hogs were all right at the time he purchased them."

The appellant says that the issue was narrowed, by plaintiffs' election, to one of implied warranty; that they could therefore recover under no other theory; that the findings of fact do not establish any breach of implied warranty, since the only facts and circumstance found which put anyone upon inquiry was the condition of the hogs at the time the sale was made and that this condition was

equally known to both seller and buyers. Particular objection is made to the statement in the court's finding No. 11, that "The false statement of the defendant that he had a bill of health on the hogs made to the plaintiff at the time he purchased the hogs misled the plaintiffs into believing that the hogs were all right at the time they purchased them." The argument is that this statement introduces an element of fraud, contrary to the limitation of issues theretofore made, and that the false statement of the defendant that he had a bill of health on the hogs had nothing to do with the observable condition of the hogs.

The construction urged by appellant puts a too narrow and technical interpretation upon the court's findings as to the false statement of the defendant that he had a bill of health on the hogs. It is true, as argued by appellant, that the false statement might have been made the basis for an action in fraud, but it also has a very real and practical relation to the necessity of inquiry occasioned by the condition of the hogs. We have here a seller and buyer of unequal knowledge concerning hogs. The seller was a dealer of many years' experience in buying and selling while the buyers had only the ordinary knowledge common to farmers generally. The seller felt that he had such knowledge of cholera that he did not hesitate to trust to his own judgment concerning it when buying hogs. The court so found, and the finding is supported by the evidence. Both seller and buyers observed the symptoms of the hogs. Assuming for the moment that both were of equal experience, it might be said that both were put upon the same notice and inquiry. But in this situation certainly the false statement of the defendant modifies the burden of inquiry imposed by the condition of the hogs. In other words, the seller, knowing that he had no such bill of health, would more definitely and certainly be put upon inquiry by the condition of the hogs than would the buyers, who thought that he had such bill of health. And this would be all the more true by virtue of the difference in experience between seller and buyers.

The findings of fact cannot here be questioned. They support the judgment. We find no prejudicial error, and the judgment is affirmed.